FILED 08 JUL 11 14:08 USDC-ORP

**Nell I. Brown**
**Assistant Federal Public Defender**
**101 SW Main Street, Suite 1700**
**Portland, Oregon 97204**
**Tel: 503-326-2123**
**Fax: 503-326-5524**
**nell_brown@fd.org**

**Attorney for Defendant**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CR No. 07-CR-524 KI** |
| **Plaintiff,** | **PETITION TO ENTER PLEA OF GUILTY** |
| **vs.** | |
| **KALISKA ROSE RUBIO,** | |
| **Defendant.** | |

The defendant represents to the Court:

1. My name is Kaliska Rose Rubio. I am 23 years old. I have gone to school up to and including the 10th grade.

2. My attorney is Nell I. Brown.

3. My attorney and I have discussed my case fully. I have received a copy of the Indictment. I have read the Indictment, or it has been read to me, and I have discussed

it with my attorney. My attorney has counseled and advised me concerning the nature of each charge, any lesser-included offense, and the possible defenses that I might have in this case. I have been advised and understand that the elements of the charge alleged against me to which I am pleading "GUILTY" is as follows: assault with a dangerous weapon with the intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3) and § 1153. I have had a full and adequate opportunity to disclose to my attorney all facts known to me that relate to my case. I understand that the Court may ask whether I am satisfied with the advice I have received from my attorney.

4. I know that if I plead "GUILTY," I will have to answer any questions that the judge asks me about the offense to which I am pleading guilty. I also know that if I answer falsely, under oath, and in the presence of my attorney, my answers could be used against me in a prosecution for perjury or false statement.

5. I am not under the influence of alcohol or drugs. I am not suffering from any injury, illness or disability affecting my thinking or my ability to reason. I have not taken any drugs or medications within the past seven (7) days that affect my ability to think.

6. I understand that conviction of a crime can result in consequences in addition to imprisonment. Such consequences include deportation, or removal from the United States, or denial of naturalization, if I am not a United States citizen; loss of eligibility to receive federal benefits; loss of certain civil rights (which may be temporary

or permanent depending on applicable state or federal law), such as the right to vote, to hold public office, and to possess a firearm; and loss of the privilege to engage in certain occupations licensed by the state or federal government.

7. I know that I may plead "NOT GUILTY" to any crime charged against me and that I may persist in that plea if it has already been made. I know that if I plead "NOT GUILTY" the Constitution guarantees me:

a. The right to a speedy and public trial by jury, during which I will be presumed to be innocent unless and until I am proven guilty by the government beyond a reasonable doubt and by the unanimous vote of twelve jurors;

b. The right to have the assistance of an attorney at all stages of the proceedings;

c. The right to use the power and process of the court to compel the production of evidence, including the attendance of witnesses in my favor;

d. The right to see, hear, confront, and cross-examine all witnesses called to testify against me;

e. The right to decide for myself whether to take the witness stand and testify, and if I decide not to take the witness stand, I understand that no inference of guilt may be drawn from this decision; and

f. The right not to be compelled to incriminate myself.

8. I know that if I plead "GUILTY" there will be no trial before either a judge or a jury, and that I will not be able to appeal from the judge's denial of any pretrial

motions I may have filed concerning matters or issues not related to the court's jurisdiction.

9. In this case I am pleading "GUILTY" under Rule 11(c)(1)(B). My attorney has explained the effect of my plea under Rule 11(c)(1)(B) to be as follows:

> My plea of guilty is under Rule 11(c)(1)(B); therefore, although the judge will consider the recommendations and agreements of both the prosecution and defense attorneys concerning sentencing, the judge is not obligated to follow those recommendations or agreements. If the judge imposes a sentence different from what I expected to receive under the terms of my Plea Agreement with the prosecutor, I do not have a right to withdraw my plea.

10. I know the maximum sentence which can be imposed upon me for the crime to which I am pleading guilty is 10 years imprisonment and a fine of $250,000.00.

11. I know that the judge, in addition to any other penalty, will order a special assessment as provided by law in the amount of $100.

12. I know that if I am ordered to pay a fine, and I willfully refuse to pay that fine, I can be returned to court, where the amount of the unpaid balance owed on the fine can be substantially increased by the judge and I can be imprisoned for up to one year.

13. My attorney has discussed with me the Federal Sentencing Guidelines. I know the Guidelines are advisory, not mandatory. I also know the sentencing judge, in determining the particular sentence to be imposed, must consider those factors set forth in Title 18, United States Code, Section 3553(a), including, but not limited to: the nature and circumstances of the offense, my own history and characteristics, the goals of sentencing

(punishment, deterrence, protection, and rehabilitation), and the sentencing range established by the advisory Guidelines. If my attorney or any other person has calculated a guideline range for me, I know that this is only advisory, and is only one of the factors that the judge will consider in making a final decision as to what sentence will be imposed. I also know that a judge may not impose a sentence greater than the maximum sentence referred to in paragraph (10) above.

14. I know from discussion with my attorney that, under the Federal Sentencing Guidelines, if I am sentenced to prison I am not entitled to parole. I will have to serve the full sentence imposed except for any credit for good behavior that I earn. I can earn credit for good behavior in prison at a rate of up to 54 days for each year of imprisonment served. Credit for good behavior does not apply to a sentence of one year or less.

15. I know that if I am sentenced to prison, the judge will impose a term of supervised release to follow the prison sentence. During my supervised release term, I will be supervised by a probation officer according to terms and conditions set by the judge. In my case, a term of supervised release can be up to three years. If I violate the conditions of supervised release, I may be sent back to prison for up to two years.

16. I know that in addition to or in lieu of any other penalty, the judge can order restitution payments to any victim of any offense to which I plead guilty. I am also informed that, for certain crimes of violence and crimes involving fraud or deceit, it is

mandatory that the judge impose restitution in the full amount of any financial loss or harm caused by an offense. If imposed, the victim can use the order of restitution to obtain a civil judgment lien. A restitution order can be enforced by the United States for up to twenty (20) years from the date of my release from imprisonment, or, if I am not imprisoned, twenty (20) years from the date of the entry of judgment. If I willfully refuse to pay restitution as ordered, a judge may resentence me to any sentence which could originally have been imposed.

17. On any fine or restitution in an amount of $2,500 or more, I know that I will be required to pay interest unless that fine or restitution is paid within fifteen (15) days from the date of the entry of judgment.

18. If I am on probation, parole, or supervised release in any other state or federal case, I know that by pleading guilty in this court my probation, parole or supervised release may be revoked and I may be required to serve time in that case, which may be consecutive, that is, in addition to any sentence imposed on me in this court.

19. If I have another case pending in any state or federal court, I know that my Petition and Plea Agreement in this case do not, in the absence of an express and written agreement, apply to my other case(s), and that I can be faced with consecutive sentences of imprisonment.

20. My plea of "GUILTY" is based on a Plea Agreement that I have made with the prosecutor. That Plea Agreement is attached hereto and incorporated herein. I have read or had read to me the Plea Agreement, and I understand the Plea Agreement.

21. The Plea Agreement contains the only agreement between the United States government and me. No officer or agent of any branch of government (federal, state or local) or anyone else has promised or suggested that I will receive a lesser term of imprisonment, or probation, or any other form of leniency if I plead "GUILTY" except as stated in the Plea Agreement. I understand that I cannot rely on any promise or suggestion made to me by a government agent or officer which is not stated in writing in the Plea Agreement, or which is not presented to the judge in my presence in open court at the time of the entry of my plea of guilty.

22. My plea of "GUILTY" is not the result of force, threat, or intimidation.

23. I hereby request that the judge accept my plea of "GUILTY" to Count 1 of the Indictment.

24. I know that the judge must be satisfied that a crime occurred and that I committed that crime before my plea of "GUILTY" can be accepted. With respect to the charge to which I am pleading guilty, I represent that I did the following acts and that the following facts are true:

> On or about July 18, 2007, on the Warm Springs Indian Reservation, within Indian Country, within the special maritime and territorial jurisdiction of the United States, and in the District of Oregon, I knowingly assaulted a minor Indian female,

with a dangerous weapon, to wit: a B.B. gun, with intent to do bodily harm.

25. I offer my plea of "GUILTY" freely and voluntarily and of my own accord and with a full understanding of the allegations set forth in the Indictment, and with a full understanding of the statements set forth in this Petition and in the Certificate of my attorney that is attached to this Petition.

SIGNED by me in the presence of my attorney, after reading (or having had read to me) all of the foregoing pages and paragraphs of this Petition on this ___ day of June, 2008.

Kaliska Rubio 06/06/08

KALISKA ROSE RUBIO
Defendant

## CERTIFICATE OF COUNSEL

The undersigned, as attorney for defendant Kaliska Rose Rubio, hereby certifies:

1. I have fully explained to the defendant the allegations contained in the Indictment in this case, any lesser-included offense(s), and the possible defenses which may apply in this case.

2. I have personally examined the attached Petition To Enter Plea of Guilty And Order Entering Plea, explained all its provisions to the defendant, and discussed fully with the defendant all matters described and referred to in the Petition.

3. I have explained to the defendant the maximum penalty and other consequences of entering a plea of guilty described in paragraphs (6)-(20) of the Petition, and I have also explained to the defendant the applicable Federal Sentencing Guidelines.

4. I recommend that the Court accept the defendant's plea of "GUILTY."

SIGNED by me in the presence of the above-named defendant, and after full discussion with the defendant of the contents of the Petition To Enter Plea of Guilty, and any Plea Agreement, on this 11th day of June, 2008.

Neil I. Brown
Attorney for Defendant

## ORDER ENTERING PLEA

I find that the defendant's plea of GUILTY has been made freely and voluntarily and not out of ignorance, fear, inadvertence, or coercion. I further find the defendant has admitted facts that prove each of the necessary elements of the crime to which the defendant has pled guilty.

IT IS THEREFORE ORDERED that the defendant's plea of GUILTY be accepted and entered as requested in this Petition and as recommended in the Certificate of defendant's attorney.

DATED this 11 of July, 2008, in open court.

GARR M. KING
Judge, U.S. District Court



**U.S. Department ι ɹstice**
*Karin J. Immergut*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600* *(503) 727-1000*
*Portland, OR 97204-2902* *Fax: (503) 727-1117*

*Billy J. Williams*
*Assistant United States Attorney*

*Email: Bill.Williams@usdoj.gov*
*Direct: 503-727-1108*

June 11, 2008

Nell Brown
Assistant Federal Public Defender
101 SW Main, Suite 1700
Portland, OR 97204

Re: United States v. Kaliska Rose Rubio
CR No. 07-524(KI) *Amended Pretrial Offer*

Dear Ms. Brown:

1. **Parties/Scope of Agreement**: This plea agreement is between the United States Attorney's Office for the District of Oregon and defendant, and thus does not bind any other federal, state, tribal, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any other charges other than those specifically mentioned herein.

2. **Charge Defendant Pleading To**: The defendant shall plead guilty to count one of the Indictment which charges her with *Assault with a Dangerous Weapon With Intent to do Bodily Harm* in violation of Title 18, U.S.C. § 113(a)(3), and §1153.

3. **Penalties**: This offense carries a maximum penalty of not more than ten (10) years imprisonment, together with a term of supervised release of not more than ten years, mandatory restitution, a fine of up to $250,000.00, and a $100.00 assessment. Defendant agrees to pay the $100.00 fee assessment by the time of sentencing or explain to the court why this cannot be done.

4. **Dismissal/No Prosecution**: The government agrees to dismiss count two of the indictment in exchange for her plea to count one. The government will make that motion following the court imposing sentencing on count one.

5. **Sentencing Factors**: The parties agree that pursuant to United States v. Booker, 543 U.S. 220 (2005), the court must determine an advisory sentencing guideline range pursuant to the United States Sentencing Guidelines (U.S.S.G.). The court will then determine a reasonable sentence within the statutory range after considering the advisory sentencing guideline range and the factors listed in 18 U.S.C. § 3553(a).

6. **Relevant Conduct**: The parties agree that for purposes of calculating the applicable guideline range, defendant's "relevant conduct" pursuant to U.S.S.G. §1B1.3 and §2A2.2, encompasses all the conduct outlined in the charge of the Information, and the applicable advisory sentencing guideline calculations discussed below.

7. **Acceptance**: In exchange for defendant's plea of guilty, the government agrees to recommend that she receive a three level reduction for acceptance of responsibility pursuant to U.S.S.G. § § 3E1.1(a), unless he commits any new crimes or engages in conduct constituting obstruction of justice pursuant to U.S.S.G. § 3C1.1. Defendant must demonstrate to the court that she fully admits and fully accepts personal responsibility for her unlawful conduct in this case. If he does so, the government will recommend the three level reduction in the advisory adjusted offense level for acceptance of responsibility.

8. **U.S.S.G. Advisory Sentencing Guideline Range Calculation**: The government calculates the advisory guideline range as to defendant's total offense level are as follows:

2A2.2(a) Base............................................ 14
2A2.2(b)(2) Use of Dangerous Weapon.........+4
2A2.2(b)(3)(B) Serious Bodily Injury...........+5[1]
Adjusted Offense Level ................................23
3E1.1(a)Acceptance.....................................-3
Total Offense Level......................................20
Criminal History Category.............................. I
Advisory Guideline Ranges.........................33-41 months

9. **Departures/Adjustments/Variances**: The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. Defendant agrees not to seek any downward departures under Title 18, U.S.C. § 3553 or other guideline adjustments or variances to the advisory guideline range, or to seek a sentence below that range, except as specified in this agreement.

Under the terms of this agreement, the parties agree to jointly recommend a variance under Title 18, U.S.C. §3553 to a sentence of five years probation with the special conditions as listed below.

---

[1] The parties anticipate further medical documentation concerning the degree of injury to the victim. The government agrees that this enhancement level should reflect the most accurate medical information gathered by the time of sentencing. Accordingly, the government agrees to leave this enhancement calculation open until the parties and the court have received the most up to date medical documentation before making a final recommendation to the court.

10. **Sentencing Recommendations**: In exchange for defendant's plea of guilty to count one of the indictment, the parties agree to recommend a period of five years[2] probation, 100 hours of community service, mandatory restitution, the statutory $100.00 fee assessment, and the special conditions of probation listed below.

In addition to the standard conditions of probation, the defendant agrees to the following special conditions of probations:

1. Successfully complete a comprehensive course in parenting skills;

2. Successfully complete a course in domestic violence awareness & alternatives;

3. Successfully complete a course in anger management;

4. Successfully complete a course on self-esteem (or have it as an element of one of the other courses to complete);

5. Successfully complete a GED program;

6. Successfully complete 100 hours of community service during term of probation; (This can be satisfied by completing community service hours concurrent with the tribal court sentence if community service hours are imposed for the same offense conduct under a tribal court sentence.)

11. **Zero Tolerance For Conditions of Probation**: Defendant understands that the government will maintain a "zero tolerance" policy towards these conditions of probation. Upon a finding by the Court that defendant has violated any condition of probation, the government will seek revocation of probation and request that the court impose a term of imprisonment to be followed by a term of supervised release.

12. **Court Not Bound**: Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the court is not bound to adopt or accept the recommendations of the parties or the presentence report (PSR) writer. Defendant may not withdraw any guilty plea or rescind this plea agreement if the court does not follow the agreements or recommendations herein.

13. **Full Disclosure/Reservation of Rights**: The government will fully inform the PSR writer and the court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

---

[2] The government agrees that if after a period of *three* years, the defendant has satisfied the terms and conditions of probation to the satisfaction of the probation officer, the government, and the court, she may petition the court for early termination of her five-year term of probation.

14. **Waiver of Appeal and Post Conviction Relief**:

Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum; (2) the court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of U.S.S.G. Chapter 5K; or (3) the court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory sentencing range calculated by the court. Should defendant seek an appeal, despite this waiver of that right, the USAO may take any position on any issue on appeal.

Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

15. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new offense between signing this agreement and sentencing, the United States Attorney's Office is relieved of its obligations under this agreement, but defendant may not withdraw his guilty plea.

16. **Total Agreement**: This letter states the full extent of the agreement between the parties. There are no other promises, representations, or agreements, either express or implied, by or between the parties. Defendant agrees that no employee, officer, or agent of the United States has threatened or coerced him to induce him to enter into this agreement. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Please feel free to call me if you have any questions or concerns.

Very truly yours,

KARIN J. IMMERGUT
United States Attorney

*BILLY J. WILLIAMS*
Assistant United States Attorney

enc.

## ACCEPTANCE OF PLEA AGREEMENT AND ITS TERMS

I hereby accept this plea agreement according to the terms and conditions set forth in this letter. I do so voluntarily, after first reviewing and discussing each term and part of this agreement with my attorney. This includes the section on the waiver of my appellate rights. I have reviewed all sections of the agreement with my lawyer. I understand each and every term, and by signing below, I expressly waive my appellate rights as outlined in the agreement. I wish to plead guilty because I am in fact guilty of the crime of *Assault with a Dangerous Weapon With Intent to do Bodily Harm.*

07/11/08
Date

Kaliska Rubio
Kaliska Rubio
Defendant

I represent the defendant as legal counsel. I have carefully reviewed each and every part of this agreement with the defendant. To my knowledge, the decision to enter into this agreement is an informed and voluntary one.

7-11-08
Date

Nell Brown
Attorney for Defendant